UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELEVEN 10, LLC, </br></br>    *Plaintiff,*</br>v.</br></br>THE PARTNERSHIPS AND. UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"</br></br>    *Defendants.* | Case No. 22-cv-02447 |

# COMPLAINT

For its complaint against the entities identified on Schedule A hereto (collectively, "Defendants'), plaintiff Eleven 10, LLC ("Eleven 10") states:

## NATURE OF ACTION

1. Eleven 10 was founded by a former Recon Marine who is now a current SWAT Medic, who created and marketed unique tourniquet carrying cases (the "Eleven 10 Tourniquet Cases").

2. The Eleven 10 Tourniquet Cases took off, surpassed expectations, and became highly sought after, especially among first responders, law enforcement, and military personnel, who need immediate access to tourniquets for treating wounds in the field.

3. However, with success comes imitation. Companies began selling inferior counterfeits of the Eleven 10 Tourniquet Cases at much lower prices that copy and infringe the Eleven 10 trade dress in a blatant attempt to capitalize on Eleven 10's distinctive product design and its recognition in the marketplace.

4. These copycats flooded the market, especially Amazon.com and other e-commerce websites, caused significant actual confusion, and have been irreparably

damaging Eleven 10's sales and reputation.

5. Defendants are selling counterfeit versions of the Eleven 10 Tourniquet Cases (the "Counterfeit Cases") on Amazon.com.

6. Eleven 10 now sues to stop these counterfeiters, to protect its customers, and to protect Eleven 10's sales, reputation, and goodwill.

## PARTIES

7. Eleven 10 is an Ohio limited liability company in the United States and does business in Illinois.

8. Defendants are foreign individuals (or small, closely-held foreign businesses) that, upon information and belief, are located in China. Defendants use psuedonyms, and do not maintain any online presence (other than selling on Amazon.com under their psuedonyms), and use other tactics to conceal their identifies and to hid the full extent of their counterfeiting operations.[1]

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Eleven 10's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

10. This Court has supplemental subject matter jurisdiction over Eleven 10's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

11. This Court has personal jurisdiction over Defendants because, among other

---

[1] The seller names are listed on Schedule A hereto. Eleven 10 is moving contemporaneous with this motion for leave to file Schedule A under seal to avoid the defendants learning about this case and working to avoid service of the summons and complaint.

things, each of the Defendants is intentionally confusing and harming Illinois residents, doing business in Illinois, offering to sell counterfeit goods in Illinois to Illinois individuals and businesses, actually selling products to Illinois individuals and organizations and shipping products into Illinois, including the Counterfeit Cases, and receiving payments from Illinois residents.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, e-commerce stores on Amazon that target United States consumers.

13.    Venue is proper under 28 U.S.C. § 1391 because each of the Defendants is subject to personal jurisdiction in this district under Illinois law and, therefore, "resides" in the Northern District of Illinois according to federal law.

## FACTS

**Eleven 10's Trade Dress**

14.    Eleven 10 is a United States based manufacturer of high-quality self-aid/buddy-aid gear.

15.    Eleven 10 markets, distributes, and sells well known self-aid/buddy-aid products that are easy to use with minimal training, including its Eleven 10 Tourniquet Cases.

16.    The Eleven 10 Tourniquet Cases employ a distinctive trade dress. The look and feel of the Eleven 10 Tourniquet Case Products, as comprised by the design of the case; the size, shape, total image, and overall appearance of the case; and the arrangement, size, and style of the ornamental features on the case, is referred to here collectively as the "Eleven 10

Trade Dress."

17. Some of the features that distinguish the Eleven 10 Trade Dress include (but are not limited to):

    a. A raised square on the middle to upper half of the front side of the case, with an embossed cross featured on the raised square.
    b. A generally rectangular body with stylized angled lower corners and a top recessed notch, with raised trim, in the center of the front side of the case.
    c. Ornamental raised sections featuring holes on the back side of the case.

18. Since at least 2015, Eleven 10 has generated significant revenue from the sale of its Eleven 10 Tourniquet Cases that incorporate the Eleven 10 Trade Dress.

19. Since at least 2015, Eleven 10 has significantly invested in marketing, advertising, and promoting its Eleven 10 Tourniquet Cases with the Eleven 10 Trade Dress in the relevant channels of trade throughout the United States and internationally.

20. As a result of the sales, marketing and distinctiveness of the product itself, the trade dress has acquired secondary meaning.

21. Other evidence of secondary meaning includes (a) significant copying and counterfeiting of the Eleven 10 Trade Dress and Eleven 10 Tourniquet Cases, where there would be no reason to copy unless there is secondary meaning that the copier seeks to capitalize upon, and (b) significant actual confusion in the marketplace where customers are confused into believing the counterfeits are true Eleven 10 Tourniquet Cases.

22. Eleven 10 has the exclusive right to use the Eleven 10 Trade Dress in connection with tourniquet cases by virtue of its development, creation, and use of that trade dress and the timing thereof.

23. Since at least 2015, Eleven 10 has promoted its Eleven 10 Tourniquet Cases on its website at *1110gear.com* and elsewhere.

24. Eleven 10 sells its Eleven 10 Tourniquet Cases throughout the United States and internationally.

25. Through its website, advertising, other promotional efforts, and sales, Eleven 10 has enhanced the reputation of the Eleven 10 brand, and it has caused the Eleven 10 Trade Dress to grow in strength, value, and recognition to the point that the product trade dress now carries strong secondary meaning.

26. Eleven 10's distributors, retailers, customers, and end users have come to associate the distinctive Eleven 10 Trade Dress with Eleven 10.

**Defendants' Infringing Business**

27. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Eleven 10. Upon information and belief, Defendants reside and/or operate in China or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

28. The success of Eleven 10 has led to counterfeiting and infringement. As such, Eleven 10 is working to combat the counterfeiting actions complained of herein.

29. These anti-counterfeiting efforts include investigating suspicious e-commerce listings on Amazon which offer for sale Counterfeit Cases to consumers in the United States.

30. Because of how easy it is for anyone with an Internet connection to become a "seller" with a fake name and to then sell counterfeit products on websites like Amazon.com from anywhere in the world, Defendants have taken advantage of that e-commerce site to import Counterfeit Cases into the U.S.

31. Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.

32. On information and belief, many of the Defendants also engage in fraudulent conduct when setting up their seller accounts on Amazon, by providing false, misleading, or incomplete information to Amazon. This allows Defendants to remain virtually anonymous and untraceable preventing discovery of their true identifies and scope of their counterfeiting operations.

33. On information and belief, Defendants are aware of Eleven 10's success and popularity, and as such, have set up their Amazon seller accounts to directly target consumers of the Eleven 10 Tourniquet cases, and in some cases, mislead consumers into believing the Infringing Cases are authorized or sold by Eleven 10.

34. Aware of Eleven 10's success, Defendants have copied the Eleven 10 Trade Dress. Specifically, Defendants are selling Counterfeit Cases that have the same size, shape, appearance, and overall design of the Eleven 10 Cases.

35. Side-by-side comparisons of several of the Counterfeit Cases to the Eleven 10 Case is shown below, with the remainder of products compared on Exhibit 1:



| Company Doe 1 Counterfeit Case | Eleven 10 Tourniquet Case |
| --- | --- |
| Company Doe 2 Counterfeit Case | Eleven 10 Tourniquet Case |

36. Defendants have each intentionally copied the Eleven 10 Trade Dress with the bad intent of trading on the goodwill and reputation of the Eleven 10 Tourniquet Cases to benefit itself to the detriment of Eleven 10 and its customers.

37. By copying the Eleven 10 Trade Dress, Defendants are likely to cause confusion (and have caused actual confusion), or cause mistake, or deceive as to (a) the

affiliation, connection, or association between Defendants and Eleven 10, or (b) the origin, sponsorship, or approval of Defendants' or Eleven 10's goods, services, or commercial activities.

## **COUNT I**
### *Trade Dress Infringement under the Lanham Act*
### **15 U.S.C. § 1125**

38. Eleven 10 realleges and incorporates by reference paragraphs 1-37 as though fully stated herein.

39. The Eleven 10 Trade Dress is valid and legally enforceable.

40. Eleven 10 exclusively owns the Eleven 10 Trade Dress.

41. At least due to years of exclusive commercial use, substantial advertising, substantial sales, number of customers, and established place in the market, the Eleven 10 Trade Dress has acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate the Eleven 10 Trade Dress with Eleven 10 and its self-aid/buddy-aid gear, including tourniquet cases.

42. Moreover, the fact that Defendants intentionally copied the Eleven 10 Trade Dress to confuse customers and make undeserved sales is additional proof of acquired distinctiveness, aka secondary meaning.

43. By using the Eleven 10 Trade Dress to market and sell tourniquet cases, Defendants have caused, and are likely to continue to cause, confusion in the minds of purchasers between Eleven 10, Defendants, and their respective goods and services.

44. Eleven 10 has no control over the quality of the counterfeit goods that Defendants are promoting, advertising and selling under the Eleven 10 Trade Dress, with

the result that Eleven 10's valuable goodwill in its Eleven 10 Trade Dress will be damaged irreparably by Defendants' infringing activities.

45. The sales of inferior quality counterfeit tourniquet cases further pose a risk of serious harm to users, and the injured persons they treat, who may be deceived into believing that they have a genuine Eleven 10 tourniquet case when they do not. It is unknown how effective the Counterfeit Products are at securing and protecting a potentially life-saving tourniquet in the field, however reviews posted on Amazon suggest a lesser quality. This further harms Eleven 10's goodwill and reputation.

46. Defendants have infringed Eleven 10's trade dress rights under the Lanham Act.

47. Defendants' infringement of Eleven 10's trade dress rights was and is willful and intentional.

48. Defendants' trade dress infringement has damaged Eleven 10 financially by causing lost sales and in other ways, and has caused Eleven 10 irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

<u>**COUNT II**</u>
*Unfair Competition under the Lanham Act*
**(15 U.S.C. § 1125)**

49. Eleven 10 realleges and incorporates by reference paragraphs 1-48 as though fully stated herein.

50. As described above, Defendants have used words, terms, names, symbols, devices, and combinations thereof, in ways that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants (and

their goods and services), on the one hand, and Eleven 10 (and its goods and services), on the other.

51. Defendants' willful and unlawful activities, as described above, are unfair competition under the Lanham Act.

52. Defendants' unfair competition has damaged Eleven 10 and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT III
### *Deceptive Trade Practices*
### **815 ILCS §§ 510/1, et seq.**

53. Eleven 10 realleges and incorporates by reference paragraphs 1-52 as though fully stated herein.

54. Defendants' aforesaid unauthorized uses of the Eleven 10 Trade Dress constitutes knowing and willful engagement in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq*. at least by passing off goods; causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products with Eleven 10; and using deceptive representations or designations of origin in connection with Defendants' products.

55. The unauthorized use by Defendants of the Eleven 10 Trade Dress is causing and is likely to cause damages, substantial injury to the public and to Eleven 10, and Eleven 10 has no adequate remedy at law for this injury.

56. Eleven 10 is entitled to damages, injunctive relief, and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## COUNT IV
### *Common Law Unfair Competition*

57. Eleven 10 realleges and incorporates by reference paragraphs 1-56 as though fully stated herein.

58. Defendants' aforesaid unauthorized uses of the Eleven 10 Trade Dress constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

59. Defendants' conduct is willful, deliberate, intentional, and in bad faith.

60. Defendants' unfair competition has damaged Eleven 10 and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

## COUNT V
### *Unjust Enrichment*

61. Eleven 10 realleges and incorporates by reference paragraphs 1-60 as though fully stated herein.

62. Through its unlawful activities, as described above, Defendants have obtained benefits, including business and goodwill, which rightfully belong to Eleven 10.

63. Defendants have not compensated Eleven 10 for the benefits that they wrongfully obtained, despite justice and equity requiring them to do so.

64. Defendants have unjustly enriched themselves by obtaining and retaining the ill-gotten benefits of its unlawful activities.

65. Defendants' receipt and retention of the benefits of its unlawful activities is unjust enrichment.

66. Defendants' unjust enrichment has damaged Eleven 10 and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Eleven 10 asks this Court to enter judgment in its favor against Defendants as follows:

1. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §1125; 815 ILCS §§ 510/1, *et seq.*, and common law, and that such violations were willful and intentional, making this an exceptional case;

2. Preliminary and permanent injunctive relief, barring Defendants, their officers, agents, servants, employees, attorneys, and those who are in active concert or participation with any of those persons from:

    a. Manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any goods in association with a trade dress, a trademark mark, or other matter that is a colorable imitation of, or that bears a confusing similarity to, the Eleven 10 Trade Dress, including the Counterfeit Cases.

    b. Otherwise infringing Eleven 10's trademark or trade dress rights;

    c. Otherwise engaging in any deceptive trade practice; and

    d. Otherwise unfairly competing with Eleven 10.

3. An order that, upon Eleven 10's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Eleven 10 Trade Dress;

4. An order that Defendants and all those assisting or acting in concert with Defendants deliver up for destruction all labels, signs, prints, packages, labels, advertisements, products and any other matter bearing matter that is confusingly similar to the Eleven 10 Trade Dress.

5. For statutory damages, actual damages and increased and punitive damages as allowed by the law—including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117;

6. For Eleven 10's costs and expenses, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and prejudgment interest at the maximum legal rate; and

7. For such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiff Eleven 10 LLC hereby demands and requests a trial by jury on all issues so triable.

Dated: May 9, 2022   Respectfully submitted,

**ELEVEN 10**

By: /s/ Matthew J. Cavanagh
One of their attorneys

Matthew J. Cavanagh
Nicholas A. Kurk (Bar No. 6292133)
Donielle F. Robinson (Bar No. 6321391)

MCDONALD HOPKINS LLC
600 Superior Avenue, Suite 2100
Cleveland, Ohio 44144
Phone: (216)348-5730
mcavanagh@mcdonaldhopkins.com

300 North LaSalle, Suite 1400
Chicago, IL 60654
Phone: (312) 642-6103
nkurk@mcdonaldhopkins.com
drobinson@mcdonaldhopkins.com

*Attorneys for Eleven 10, LLC*