**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELEVEN 10, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No. 22-cv-02447<br><br>**Judge Thomas M. Durkin** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Eleven 10, LLC ("Plaintiff" or "Eleven 10") against the defendants identified on Schedule A, and using the seller aliases identified on Schedule A (collectively, the "Seller Aliases"), and Eleven 10 having moved for entry of Default and Default Judgment against John Doe Defendants 1-3 and 6-7 identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "First Defaulting Defendants");

Eleven 10 having properly completed service of process on First Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from Amazon's messaging system, being notice reasonably calculated under all circumstances to apprise First Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

{10470157: }

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Eleven 10 has provided a basis to conclude that First Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Eleven 10's common law and unregistered trade dress rights to Eleven 10's Rigid Tourniquet Case (the "Eleven 10 Trade Dress") to residents of Illinois. In this case, Eleven 10 has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Eleven 10 Trade Dress. *See* Ex. A-2, Docket No.[18-3], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Eleven 10 Trade Dress.

This Court further finds that First Defaulting Defendants are liable for willful federal trademark infringement and unfair competition (15 U.S.C. § 1125), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Eleven 10's Motion for Entry of Default and Default Judgment is GRANTED as follows, that First Defaulting Defendants are deemed in default, and that this Default Judgment is entered against First Defaulting Defendants.

This Court further orders that:

1. First Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Eleven 10 Trade Dress or any reproductions, counterfeit or confusingly-similar copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Eleven 10 product or not authorized by Eleven 10 to be sold in connection with the Eleven 10 Trade Dress;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Eleven 10 product or any other product produced by Eleven 10, that is not Eleven 10's or not produced under the authorization, control, or supervision of Eleven 10 and approved by Eleven 10 for sale under the Eleven 10 Trade Dress;

   c. committing any acts calculated to cause consumers to believe that First Defaulting Defendants' products are those sold under the authorization, control, or supervision of Eleven 10, or are sponsored by, approved by, or otherwise connected with Eleven 10; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Eleven 10, nor authorized by Eleven 10 to be sold or offered for sale, and which bear any of Eleven 10's trademarks or trade dress, including the Eleven 10 Trade Dress, or any reproductions, counterfeit copies or colorable imitations.

2. First Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the First Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

      a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Eleven 10 Trade Dress; and

      b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Eleven 10 Trade Dress or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Eleven 10 product or not authorized by Eleven 10 to be sold in connection with the Eleven 10 Trade Dress.

3. Upon Eleven 10's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with First Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Eleven 10 Trade Dress.

4.      Pursuant to 15 U.S.C. § 1117(a), Eleven 10 is awarded its attorneys' fees against each of the First Defaulting Defendants in the amount of $27,000 for willful use of counterfeit Eleven 10 Trade Dress on products sold through at least the Seller Aliases.

5.      Any Third Party Providers holding funds for First Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Seller Aliases from transferring or disposing of any funds (up to the attorneys' fees award in Paragraph 4 above) or other of First Defaulting Defendants' assets.

6.      All monies (up to the amount of the attorneys' fees awarded in Paragraph 4 above) currently restrained in First Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Eleven 10 as partial payment of the above-identified attorney fee award, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Eleven 10 the amounts from First Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.      Until Eleven 10 has recovered full payment of monies owed to it by any First Defaulting Defendant, Eleven 10 shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.      In the event that Eleven 10 identifies any additional online marketplace accounts or financial accounts owned by First Defaulting Defendants, Eleven 10 may send notice of any supplemental proceeding, including a citation to discover assets, to First Defaulting

Defendants by e-mail at the e-mail addresses identified in Exhibit [A-1] to the Declaration of Matthew J. Cavanagh and any e-mail addresses provided for First Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: July 20, 2022

Thomas M. Durkin
United States District Judge

**Schedule A**

| No. | Seller Aliases | | No. | Seller Aliases |
|---|---|---|---|---|
| 1 | Haafoo | | 2 | Always Fifteen |
| 3 | Ljokien | | 4 | Lufeng (dismissed) |
| 5 | Gifkey-US (dismissed) | | 6 | MGFLASHFORCE |
| 7 | Wichemi | | 8 | P-Life (not subject to motion) |